# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-0813V**
**Filed: April 11, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JEAN MANN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ruling on Entitlement; Concession; Tetanus-Diphtheria-Acellular Pertussis ("Tdap") Vaccine; Brachial Neuritis; Special Processing Unit ("SPU")

*Robert J. Krakow, Law Offices of Robert J. Krakow, P.C., New York, NY, for petitioner.*
*Claudia B. Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On July 31, 2015, Jean Mann ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered brachial neuritis of her left shoulder as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on August 15, 2012. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 11, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent concludes that petitioner suffered a Table brachial neuritis and that there is not a preponderance of the evidence that the brachial neuritis was due to factors unrelated to the Tdap vaccination. *Id.* at 4. Respondent further agrees that compensation is appropriate under the Act. *Id.*

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master