# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0813V
Filed: April 18, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JEAN MANN, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert J. Krakow*, Law Office, New York, NY, for petitioner.
*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 31, 2015, Jean Mann ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered brachial neuritis of her left shoulder as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on August 15, 2012. On December 20, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 59).

On December 28, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 63). Petitioner requests attorneys' fees in the amount of $36,242.20, and attorneys' costs in the amount of $1,378.34, for a total amount of $37,620.54. *Id.* at 1,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

5.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  (ECF No. 63, Ex. 22, Tab 4).

On January 12, 2017, respondent filed a response to petitioner's motion.  (ECF No. 64).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On January 12, 2017, petitioner filed a reply.  (ECF No. 65).  Petitioner noted that "there is nothing substantive that petitioner wishes to add to the record in reply to respondent's Response," and that she joins in respondent's recommendation that the Chief Special Master exercise her discretion and determine a reasonable award for attorney's fees and costs. *Id.* at 1.

On December 12, 2016, the undersigned issued a reasoned decision in *Moritz v. Sec'y of Health & Human Servs.*, No. 15-0965V (Fed. Cl. Spec. Mstr. Dec. 12, 2016), addressing the hourly rates for Mr. Krakow, his associate and the paralegal employed by his firm.  The undersigned concluded that Mr. Krakow should be compensated at a rate of $413 per hour for time billed in 2015 and $425 per hour for time billed in 2016.  Additionally, petitioner was awarded $125 per hour for paralegal work.  These awarded rates are consistent with the rates requested in the instant application.  The undersigned adopts the reasoning in the *Moritz* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] While the undersigned is not reducing the requested hours and billing rates in this fee application, petitioner's counsel is advised to carefully review all entries billed at an attorney rate as compared with a paralegal rate.  There are a number of entries in the billing records that are similarly worded, but in one case are billed at an attorney rate, and in another instance, billed at a paralegal rate. *Compare* entries billed 12/07/2015 at $413 an hour ("Review scheduling order, document file, calendar and database .2") with 12/28/2015 billed at $125 an hour ("Paralegal: scheduling order, rest status report due 1/27/16 – entered into calendar and docket folder .2").  Because the total amount billed is reasonable, the undersigned will not reduce the requested hours or rates in this fee application.  However, continued disparities in billing entries may result in the number of hours and/or billing rate being reduced in future fee applications.

**Accordingly, the undersigned awards the total of $37,620.54,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Robert J. Krakow.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.